UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONNA M. WILLIAMS,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:17-CV-01322 EAW

## **INTRODUCTION**

Represented by counsel, Plaintiff Donna M. Williams ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 9; Dkt. 13), and Plaintiff's reply (Dkt. 14). For the reasons discussed below, Plaintiff's motion (Dkt. 9) is granted in part, the Commissioner's motion (Dkt. 13) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on May 17, 2012. (Dkt. 7 at 17, 69).[1] In her applications, Plaintiff alleged disability beginning January 20, 2010, due to the following impairments: arthritis; lower back and neck pain; back, neck, shoulder, and buttocks spasms; and a pinched nerve in her neck. (*Id.* at 17, 168). Plaintiff's applications were initially denied on October 11, 2012. (*Id.* at 17, 78-85). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Bruce R. Mazzarella in Buffalo, New York, on January 9, 2014. (*Id.* at 17, 31-67). On April 24, 2014, the ALJ issued an unfavorable decision. (*Id.* at 14-26). Plaintiff requested Appeals Council review; her request was denied on November 24, 2015, making the ALJ's determination the Commissioner's final decision. (*Id.* at 7-9). On August 26, 2016, by stipulation and agreement of the parties, the United States District Court for the Western District of New York remanded the case to the Commissioner for further proceedings. (*Id.* at 738-40). In an order dated January 24, 2017, the Appeals Council vacated the original decision, and remanded the case for resolution of several issues, including further development of the medical record. (*Id.* at 730). The Appeals Council explained:

> In June of 2012, the claimant's treating chiropractor, Mary T. Czaplak, D.C., submitted a medical assessment regarding the claimant's ability to perform work-related activities (Exhibit 5F). The first page of this assessment ends with Question "8" (Exhibit 5F/1). The second page of this assessment begins with letter "m" and then proceeds to Question "10" (Exhibit 5F/2). Thus, there is a page missing that includes Question "9, a-l". In the hearing decision, the Administrative Law Judge considered this evidence without

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

first attempting to obtain a complete copy (Decision/7). Therefore, further
development of the record is necessary.

(*Id.*). A second hearing was held before ALJ Eric L. Glazer in Buffalo, New York, on July 18, 2017. (*Id.* at 604, 708-27). On October 13, 2017, the ALJ issued an unfavorable decision. (*Id.* at 601-16). The ALJ's determination became the Commissioner's final decision, and this action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the

Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2015. (Dkt. 7 at 607). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 20, 2010, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; and obesity. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of anxiety and depression were non-severe. (*Id.* at 607-08).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 608). The ALJ particularly considered the criteria of Listings 1.02 and 1.04 in reaching his conclusion, as well as considering the effect of Plaintiff's obesity as required by Social Security Ruling ("SSR") 02-1p. (*Id.* at 608-09).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the additional limitations that Plaintiff:

> can occasionally reach overhead bilaterally; can perform occasional and no repetitive stooping, kneeling, or crouching; can never crawl; and time off-task can be accommodated by normal breaks.

(*Id.* at 609). At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a customer service representative. (*Id.* at 613-14). The ALJ also made alternative findings for step five of the sequential evaluation process, as he found that there were other jobs in the national economy that Plaintiff was able to perform. (*Id.* at 614). Specifically, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff would be able to perform the requirements of the representative occupations of document preparer, order clerk, and lens inserter. (*Id.* at 615). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 615-16).

## II. <u>Remand of this Matter for Further Proceedings is Necessary</u>

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that (1) the ALJ erred because he did not follow the order of the

Appeals Council to further develop the record, and (2) the ALJ relied on a stale medical opinion in assessing the RFC. (Dkt. 9-1 at 14-23). For the reasons set forth below, the Court finds that the ALJ erred in failing to further develop the record. This error necessitates remand for further administrative proceedings.

### A. **Failure to Develop the Record**

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). Specifically, the ALJ must "investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011). "The ALJ's duty to develop the administrative record encompasses not only the duty to obtain a claimant's medical records and reports, but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity." *Puckett v. Berryhill*, No. 17 Civ. 5392 (GBD) (KHP), 2018 U.S. Dist. LEXIS 197904, at *5 (S.D.N.Y. Nov. 20, 2018). "The ALJ must 'make every reasonable effort' to help the claimant get medical reports from his or her medical sources as long as the claimant has permitted the ALJ to do so." *Sotososa v. Colvin*, No. 15-CV-854-FPG, 2016 U.S. Dist. LEXIS 152800, at *7 (W.D.N.Y. Nov. 3, 2016) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)). The ALJ's duty to develop the record applies to both *pro se* and represented parties, and is heightened in the case of *pro se* plaintiffs." *Lopez v. Comm'r of Soc. Sec.*, No. 17-CV-1504(KAM), 2018 U.S. Dist. LEXIS 186600, at *11 (E.D.N.Y. Oct. 31, 2018). However, the ALJ's duty to develop the record is not limitless. "[W]here

there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information . . . ." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks and citation omitted).

In the written determination, the ALJ acknowledged the Appeals Council's order to develop the record. Specifically, the ALJ explained:

> at the hearing, I queried the claimant's representative to see if he was aware of a complete version of Exhibit 5F, but he stated that no additional page or pages could be located. The representative agreed to enter the document into the record without the potentially missing pages and did not object to Exhibit 5F being considered in this case as it appears in the record.

(*Id.* at 605). The transcript from the July 18, 2017 administrative hearing reveals that the ALJ questioned Plaintiff's counsel regarding Exhibit 5F. (*Id.* at 710). Specifically, the ALJ asked counsel if there was anything he had to report in terms of whether the form was complete, or whether counsel would be willing to stipulate to the exhibit being received into evidence. (*Id.* at 711). Plaintiff's counsel stated that he did not have "anything more" on the exhibit, and that he had the same copy as the ALJ, with pages one and two. (*Id.*). Plaintiff's counsel further acknowledged that the form appeared to be missing a page, but did contain the assessment that Plaintiff would be off-task twenty-five percent or more of the time. (*Id.* at 712). The ALJ noted that the form was completed in June 2012, soon after Plaintiff began treating with his chiropractor, and explained "I'm going to receive it subject to time and relevancy, it's already in and we'll weight it accordingly in accordance with the usual established practices of receiving evidence and considering it, along with any and

all other exhibits of record." (*Id.* at 712-13). Plaintiff's counsel stated that he had no objection to the ALJ's receiving and weighing Exhibit 5F. (*Id.* at 713).

Exhibit 5F is a "Physical Medical Source Statement" from Plaintiff's chiropractor, Mary T. Czaplak, D.C., dated June 1, 2012. (*Id.* at 333-34). The first page of the form lists questions one through eight, and the second page begins with what appears to be subpart "m" to question nine, followed by question ten and the signature line. (*Id.* at 333-34). In other words, the form is clearly missing a page, likely containing question nine, and subparts "a" through "l" to that question. The first page of the opinion includes various pieces of information, including: Plaintiff began treating with the chiropractic practice on April 12, 2012, and received treatment approximately three times per week; Plaintiff's prognosis was guarded, due to multiple injuries to her spine, which were confirmed by MRIs; and Plaintiff's impairments would last at least twelve months. (*Id.* at 333). At question "m" on page two of the document as it appears in the record, Dr. Czaplak opined that Plaintiff would be "off-task," meaning that her symptoms would interfere with attention and concentration needed to perform even simple work tasks, twenty-five percent or more of the time. (*Id.* at 334). At question ten on the form, Dr. Czaplak found that Plaintiff's impairments were reasonably consistent with the symptoms and functional limitations described in the evaluation. (*Id.*). The Court notes that although question ten references "functional limitations described above in this evaluation," the two-page form, as it appears in the record and as considered by the ALJ, does not contain any opinion as to Plaintiff's functional limitations. Accordingly, it appears that the missing page and questions likely addressed Plaintiff's functional limitations – arguably the most important

component of opinion evidence, particularly with regard to the ALJ's ability to properly and accurately assess a claimant's RFC.

Defendant argues that the record shows that the ALJ complied with the Appeals Council's order to develop the record. (Dkt. 13-1 at 18). Specifically, Defendant contends that the ALJ satisfied his duty by questioning Plaintiff's counsel regarding Exhibit 5F at the July 2017 administrative hearing, and because Plaintiff's counsel had no objection to the ALJ considering Exhibit 5F. (*Id.*). Defendant's argument assumes that the burden is solely on Plaintiff's counsel to develop the record. However, "[i]t is incumbent upon the ALJ to develop evidence where it is apparent from the face of the record that the record lacks necessary information." *See Frederick v. Comm'r of Soc. Sec.*, No. 16-CV-898-MJR, 2018 U.S. Dist. LEXIS 149114, at *3-4 (W.D.N.Y. Aug. 31, 2018). The ALJ has a duty independent of Plaintiff's counsel to investigate and develop the record, and the ALJ does not satisfy that duty merely by relying on Plaintiff's counsel to obtain missing evidence. *See Dillon v. Comm'r of Soc. Sec.*, No. 17-CV-4136 (PAE) (BCM), 2018 U.S. Dist. LEXIS 154897, at *49-50 (S.D.N.Y. Sept. 7, 2018) ("[W]hile an ALJ may rely on the claimant's counsel in the first instance to obtain missing treating records, [he] must nevertheless take 'independent steps to complete the record' if necessary. Thus, courts in our Circuit have frequently found that an ALJ does not satisfy [his] duty to develop the record by relying on the claimant's attorney to obtain the missing records.") (citations omitted), *adopted*, 2018 U.S. Dist. LEXIS 163279 (S.D.N.Y. Sept. 24, 2018); *see also Cancel v. Colvin*, 14-cv-2034 (PKC), 2015 U.S. Dist. LEXIS 25219, at *14 (S.D.N.Y. Mar. 2, 2015) ("It is somewhat troubling that [the plaintiff's] counsel at the 2012 hearing failed to bring these

deficiencies in the medical record to the ALJ's attention; counsel is thus at least partly responsible for the ALJ's error. Nevertheless, the law is clear that an ALJ's duty to develop the record exists irrespective of whether the claimant is represented."). In other words, when Plaintiff's counsel informed the ALJ that he did not have "anything more" on Exhibit 5F, the ALJ should have endeavored to obtain the missing page himself, rather than accepting Exhibit 5F into the record in its incomplete form.

The ALJ's failure to take steps to obtain the missing page is particularly problematic for several reasons. First, the Appeals Council specifically instructed the ALJ to resolve the issue regarding the missing evidence, and his accepting Exhibit 5F into the record without making any concerted effort to secure the missing page did not resolve the issue regarding further development of the record. *See Daumen v. Berryhill*, No. 1:17CV00514 (HBF), 2018 U.S. Dist. LEXIS 206318, at *12 (W.D.N.Y. Dec. 5, 2018) ("The regulations provide that on remand from the Appeals Council, [t]he [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order.") (internal quotations and citation omitted) (alterations and emphasis in original).

Second, as explained above, it appears that the missing evidence contained an opinion relevant to Plaintiff's functional limitations, which was key to the ALJ properly assessing the RFC. *See Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (ALJ "is not qualified to assess a claimant's RFC on the basis of bare medical findings.") (quotation omitted). The Court recognizes that Dr. Czaplak is a chiropractor and her opinion is not entitled to any special weight. *See Almonte v. Berryhill*, No. 3:18-cv-244

(KAD), 2019 U.S. Dist. LEXIS 9845, at * 15 (D. Conn. Jan. 22, 2019) ("A chiropractor is not an acceptable medical source under the Act."). Nevertheless, Dr. Czaplak's opinion was one of the few opinions in the record from a treating provider, who had the benefit of examining Plaintiff over a period time and was familiar with her impairments. *See Fooks v. Berryhill*, 284 F. Supp. 3d 305, 330 (E.D.N.Y. 2018) (a treating source is more familiar with a claimant's medical condition than are other sources) (citation omitted). The first page of Dr. Czaplak's opinion reveals that she saw Plaintiff several times before rendering her June 2012 opinion, and the missing information from that opinion "could have helped the ALJ evaluate the severity of [Plaintiff's] impairments and how those impairments affect her ability to perform work-related functions." *Otwell v. Berryhill*, No. 17-CV-306-FPG, 2018 U.S. Dist. LEXIS 112008, at *9-10 (W.D.N.Y. July 5, 2018).

Third, the ALJ assigned only "little weight" to Dr. Czaplak's opinion, including her opinion that Plaintiff would be off-task twenty-five percent of the workday (*see* Dkt. 7 at 613), without having the benefit of reviewing the opinion in its entirety. In other words, the incomplete opinion does not lend itself to proper review pursuant to the regulations, which direct the ALJ to assess "other source" opinion evidence according to several factors, including the consistency of the opinion with other evidence in the record and whether evidence supports the opinion. *See Keska v. Comm'r of Soc. Sec.*, No. 17-CV-1010, 2019 U.S. Dist. LEXIS 18675, at *10 (W.D.N.Y. Feb. 5, 2019). Had the ALJ reviewed Dr. Czaplak's full opinion and accepted that Plaintiff would be off-task twenty-

five percent of the workday, all competitive employment would have been precluded, resulting in a finding of disability. (*See id.* at 725).

In sum, the record reflects that the ALJ did nothing to develop the record, other than to ask Plaintiff's counsel if he was aware of any additional information regarding the status of the missing page of Exhibit 5F. More is required, and the ALJ should have endeavored to take additional steps to obtain the missing evidence which, as explained above, appears to be of value in properly assessing Plaintiff's RFC. Accordingly, remand is required. *See Otwell*, 2018 U.S. Dist. LEXIS 112008, at *10 ("Accordingly, for the reasons stated above and in light of the ALJ's broad duty to develop the record, the Court finds that remand is required."); *see also Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("The ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand."). On remand, the ALJ should work to fulfill his independent duty to develop the record and endeavor to comply with the order of the Appeals Council.

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified an additional reason why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS)

(DF), 2015 U.S. Dist. LEXIS 58236, at *80 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 9) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 13) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 21, 2019
Rochester, New York